RALPH A. ZAPPALA, SBN 102052
ERIN S. SANCHEZ, SBN 238450
BUSBY ZAPPALA & SANCHEZ LLP
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
Telephone: (925) 299-9600
Facsimile:     (925) 299-9608
rzappala@bzlawllp.com
esanchez@bzlawllp.com

Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC. | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| PRIORITY PAYOUT, CORP. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Mountain Summit Financial, Inc. ("MSF"), by and through counsel, states the following in support of its Complaint against Defendant Priority Payout, Corp. ("Priority"):

### PARTIES

1.      MSF is a tribal lending entity wholly owned by the Habematolel Pomo of Upper Lake ("Tribe"), a federally-recognized sovereign Indian Nation, and created under the laws of the Tribe.  MSF's principal place of business is located on the Tribe's land located near Upper Lake, California.

2.      Priority is a Florida corporation with its principal place of business in Florida.

### JURISDICTION

3.      This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this dispute involves citizens of different states and more than $75,000 is in controversy.

**INTRADISTRICT ASSIGNMENT**

4.      This action arises out of Lake County, California and is therefore properly assigned to the Eureka Division pursuant to Local Rule 3-2(f).

**FACTUAL ALLEGATIONS**

5.      Priority is a processor of automated clearing house credit and debit transactions.

6.      Golden Valley Lending, Inc. ("GVL"), Majestic Lake Financial, Inc. ("MLF"), and Silver Cloud Financial, Inc. ("SCF") are also tribal lending entities that are wholly owned by the Tribe and created under the laws of the Tribe.  GVL, MLF, and SCF's principle places of business are located on the Tribe's land located near Upper Lake, California.

7.      MSF, GVL, MLF, and SCF (collectively referred to as "Lenders") contracted with Priority to assist the Lenders in short-term lending business operations.

8.      The Lenders fully complied with all material provisions of their contracts with Priority.

9.      Priority required the Lenders to fund reserve accounts under the control of Priority for use in the provision of services to the Lenders.

10.     Priority required the reserve accounts to offset any credit or debit entries required in furtherance of the Lenders' short-term lending operations.

11.     The Lenders ceased using Priority's services.

12.     The Lenders demanded on multiple occasions that Priority return the reserve account funds to the Lenders.

13.     At the time of each demand there were no pending credits or debits that required the use of the funds in the reserve account.

14.     An amount not less than $214,523.05 remains in the reserve accounts under the control of Priority.

15.     GVL, MLF, and SCF assigned their claims against Priority arising from and related to their contracts with Priority to MSF.

16.     Priority failed and continues to fail to return to the Lenders all funds belonging to them that are still in possession of Priority.

## COUNT I
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

17.     MSF incorporates by reference all other allegations as if fully set forth herein.

18.     Each of the Lenders entered into a written contract with Priority.

19.     The contracts were supported by consideration in that Priority agreed to provide services to the Lenders in exchange for the payment of fees to Priority by the Lenders.

20.     The Lenders complied with all material provisions of the contracts including paying the requisite fees and funding the reserve accounts under the control of Priority as required by Priority.

21.     The Lenders terminated the contracts with Priority, but Priority failed and continues to fail to return the Lenders' funds from the reserve account.

22.     Priority's unfair retention of the funds breached the contracts' implied covenant of good faith and fair dealing by unfairly interfering with the Lenders' rights under the contracts.

23.     As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $214,523.05 remaining in the reserve accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT II
## MONEY HAD AND RECEIVED

24.     MSF incorporates by reference all other allegations as if fully set forth herein.

25.     Priority received an amount not less than $214,523.05 from or on behalf of the Lenders intended to be used for the benefit of the Lenders.

26.     Priority is not using that money for the benefit of the Lenders.

27.     Priority has not returned the money to the Lenders.

28.    As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $214,523.05 remaining in the reserve accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

**COUNT III**
**<u>UNJUST ENRICHMENT</u>**

29.    MSF incorporates by reference all other allegations as if fully set forth herein.

30.    Each of the Lenders provided a benefit to Priority by utilizing Priority's services, paying Priority's fees, and maintaining the reserve accounts with Priority.

31.    The Lenders ceased utilizing Priority's services and notified Priority that the Lenders would no longer be utilizing Priority's services.

32.    Priority unjustly retained and continues to unjustly retain the Lenders' funds in the reserve accounts.

33.    Priority has been and continues to be unjustly enriched by refusing to return to the Lenders their respective funds in the reserve accounts.

34.    As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $214,523.05 remaining in the reserve accounts as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

## <u>DEMAND FOR JURY TRIAL</u>

MSF demands a trial by jury on all issues so triable.

Dated:  February 27, 2019                    BUSBY ZAPPALA & SANCHEZ LLP


By:_____/s/ Ralph A. Zappala_____
       RALPH A. ZAPPALA
       ERIN S. SANCHEZ
Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.