RALPH A. ZAPPALA, SBN 102052
ERIN S. SANCHEZ, SBN 238450
BUSBY ZAPPALA & SANCHEZ LLP
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
Telephone: (925) 299-9600
Facsimile:     (925) 299-9608
rzappala@bzlawllp.com
esanchez@bzlawllp.com

Paul Croker, *Admitted Pro Hac Vice*
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: 816-221-3420
Fax: 816-221-0786
pcroker@armstrongteasdale.com

Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>PRIORITY PAYOUT, CORP.<br><br>Defendant. | Case No.: 3:19-CV-01088-VC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM IN SUPPORT**<br><br>**DATE:** July 18, 2019<br>**TIME:** 10:00 a.m.<br>**PLACE:** Courtroom 4<br>           450 Golden Gate Avenue<br>           San Francisco, California 94102 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 18, 2019 at 10:00 a.m. before the Honorable Vince Chhabria, in Courtroom 4 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, or at such other time and place as designated by the Court, Plaintiff Mountain Summit Financial ("MSF") will and hereby does move this Court to enter

default judgment against Defendant Priority Payout, Corp., pursuant to Rule 55(b) of the Federal Rules of Civil Procedure in the amount of $220,737.51 (plus an additional $58.77 for each day following the filing of this motion to the date of judgment) and post-judgment interest at a rate of 2.36%.

The circumstances of this case dictate that default judgment *must* be entered pursuant to Rule 55(b)(1).  The Clerk of this Court entered the default of Defendant as a consequence of Defendant's failure to timely plead or otherwise respond in this action.  The default was entered on May 14, 2019, as indicated by Clerk's Notice Entry of Default (ECF No. 16).  Upon a plaintiff's request for default judgment, a clerk "*must* enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1) (emphasis added).  This procedure applies under circumstances such as here where a defendant fails to appear and it is not discretionary.  *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that entry of default judgment by the clerk under Rule 55(b)(1) would be improper because the defendant filed an appearance).  *See also Volstad v. Collings*, 983 F.2d 1080 (9th Cir. 1993) (unpublished) (describing Rule 55(b)(1) as a ministerial duty of the clerk).

As set forth in the attached affidavit and declaration, the claim of MSF is for a sum certain or a sum that, by computation, can be made certain.  Defendant is not a minor or an incompetent person.  Defendant is not currently in the military service.  The amount of the judgment to be entered, as indicated in the Affidavit of Paul Croker attached hereto, is justly due and owing, and the costs sought to be taxed have been necessarily incurred in the action.

Alternatively, this Court should enter default judgment pursuant to Rule 55(b)(2).  The Court has discretion to enter default judgment under Rule 55(b)(2) and may consider factors such as

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.  Consideration of these factors favors default judgment.

Contrary to the circumstances in *Eitel*, Defendant has not entered an appearance or otherwise indicated any desire to contest MSF's allegations.

MSF will be prejudiced without the entry of default judgment because Defendant has refused and continues to refuse to return MSF's funds and MSF will have no other remedy available to it without a default judgment from this Court.

The Complaint and the Declaration of Sherry Treppa attached hereto demonstrate a substantive basis for MSF's claims.  Defendant withheld funds from MSF for business purposes and to serve as an offset for transactions while MSF (and the assignors of the claims at issue) utilized Defendant's services.  Once MSF (and the assignors of the claims at issue) ceased utilizing Defendant's services there was no longer any need for Defendant to retain those funds to offset any transactions.  MSF demanded return but Defendant refused and continues to refuse to return those funds.

While the amount sought by MSF in excess of $200,000 is an amount significant to MSF, it is not such a large amount to weigh against the entry of default judgment such as the $3 million in dispute in *Eitel*.

There is no possibility of a material fact dispute because Defendant has neither contested the allegations in MSF's Complaint, nor indicated that Defendant will contest those allegations.

There is no indication and certainly no evidence that Defendant's failure to appear or contest MSF's allegations was the result of excusable neglect.

While federal procedure favors resolution on the merits, default judgment procedure exists precisely for circumstances such as here where the Defendant does not contest the allegations.

All factors for consideration of default judgment under Rule 55(b)(2) favor MSF and the entry of default judgment here.  Accordingly, the Court should enter default judgment as requested in the amount of $220,737.51 (plus an additional $58.77 for each day following the filing of this motion until the date of judgment) and post-judgment interest at a rate of 2.36%.

WHEREFORE, MSF respectfully requests that the Clerk, or alternatively, the Court enter default judgment in the amount of $220,737.51 (plus an additional $58.77 for each day following the filing of this motion until the date of judgment), post-judgment interest at a rate of 2.36%, and such further relief as the Court deems just and proper.

Dated:  June 5, 2019  BUSBY ZAPPALA & SANCHEZ LLP

By:  /s/     *Paul Croker*
      RALPH A. ZAPPALA
      ERIN S. SANCHEZ

Paul Croker, *pro hac vice*

Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.